IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ROBERT JAMES SMITHMYER,

    Plaintiff,

vs.

STATE OF ALASKA,

    Defendant.

Case No. 3:21-cv-00003-RRB

## ORDER OF DISMISSAL

Robert James Smithmyer, an Alaska prisoner representing himself, has filed a Complaint under 42 U.S.C. § 1983, making claims of violations in his state court criminal case, and a Prisoner's Application to Waive Prepayment of the Filing Fee under 28 U.S.C. § 1915(a).[1] Mr. Smithmyer requests $25,900 in compensatory damages, $500 in punitive damages, and an order requiring Defendant to "grant complaint."[2]

In his first and third claims for relief, Smithmyer asserts that, on July 17, 2019, his rights were violated when he was given a field sobriety test, without reasonable suspicion and probable cause, because he had gotten off his motorcycle and the police found him sitting on a curb with his keys in his pocket; and that he was wrongfully given the sobriety test based upon hearsay statements

---

[1] Dockets 1, 1-1, 1-2, 3.

[2] Docket 1 at 9.

from a witness who told the police that Mr. Smithmyer had been operating a motorcycle after using drugs.³ And in his second claim for relief, Mr. Smithmyer claims that the State of Alaska is violating his constitutional right to a speedy trial.⁴

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

   (i)   is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.⁵

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."⁶ In conducting its

---

³ Docket 1 at 3–4, 6.

⁴ *Id*. at 5.

⁵ 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8]

## DISCUSSION

This Court must abstain from interfering with Mr. Smithmyer's state criminal case at this time. If Mr. Smithmyer wishes to seek federal habeas relief as to his speedy trial claim, he should first exhaust his remedies in the state courts.

**I.   Abstention**

"Title 42 U.S.C. § 1983, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any [law] . . . of any State or Territory . . . .'"[9] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating

---

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 924 (1982) (citing § 1983); *see also* U.S. Const. amend. XIV ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

rights [found] elsewhere."[10]  Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law[11] (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[12]

The Court takes judicial notice[13] that, on July 18, 2019, Mr. Smithmyer was arrested for driving under the influence, and that he has an ongoing criminal case in the Superior Court for the State of Alaska.[14]  The state court docket further shows that a hearing in that case currently is scheduled for March 10, 2021.[15]

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[16]  The core of *Younger* abstention is that a federal court cannot

---

[10] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[11] But states have immunity under the Eleventh Amendment, and "are not 'persons' under § 1983." *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989)).  Thus, the State of Alaska is not an appropriate defendant in this case.

[12] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[14] *See State of Alaska v. Robert James Smithmyer,* Alaska Superior Court Case No. 3AN-19-07144CR, on line at https://records.courts.alaska.gov/eaccess/search.

[15] *Id.*

[16] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[17] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[18]

Dismissal under *Younger* has been extended to suits for damages. [19]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Smithmyer's criminal case in state court remains ongoing.[20] Mr. Smithmyer's allegations, that the police were without probable cause to give him a field sobriety test in the first instance, and that he is being denied his right to

---

[17] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause . . . sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

[18] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[19] *Washington v. Los Angeles County Sheriff's Department,* 833 F.3d 1048, 1058 (9th Cir. 2016) (extending *Younger* to suits for damages).

[20] *See Alaska v. Smithmyer,* Case No. 3AN-19-07144CR.

Case 3:21-cv-00003-RRB, *Smithmyer v. State of Alaska*
Order of Dismissal
Page 5 of 8

Case 3:21-cv-00003-RRB   Document 5   Filed 03/10/21   Page 5 of 8

a speedy trial in state court, can and should be addressed in his state court criminal proceedings.[21] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless and until it is appropriate to do so in a habeas petition.

The Court of Appeals for the Ninth Circuit has directly addressed abstention regarding a claim of a state court violation of the right to a speedy trial:

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[22]

But the Court may only address Mr. Smithmyer's claims through federal habeas relief after he fully exhausts his state court remedies.

## II. Exhaustion

Before one may bring a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, a petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to

---

[21] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[22] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo v. Hennessy,* 882 F.3d 763, 764, 766–67 (2018)).

Case 3:21-cv-00003-RRB, *Smithmyer v. State of Alaska*
Order of Dismissal
Page 6 of 8

Case 3:21-cv-00003-RRB   Document 5   Filed 03/10/21   Page 6 of 8

protect the rights of the applicant."[23] To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate state court (including a state supreme court with powers of discretionary review)," so that each court is alerted to the federal nature of the claim.[24] In Alaska, this means that a claim must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if the petitioner disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court. A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for every claim in the petition.[25]

The exhaustion requirement also applies, although under common law, to habeas petitions brought under 28 U.S.C. § 2241, which is the appropriate statute under which to bring a speedy trial claim.[26]

---

[23] 28 U.S.C. § 2254(b)(1).

[24] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)).

[25] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[26] A defendant who is in custody before trial may bring federal challenges, under 28 U.S.C. § 2241, but also only after exhausting the available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488 (1973) (allowing petitioner to raise speedy trial claim prior to trial where he had exhausted available state remedies); *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004); *Carden*, 626 F.2d at 83–85 (Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed and the petitioner exhausts available state judicial remedies, unless special circumstances warranting federal intervention prior to a state

### III. Conclusion

Because Mr. Smithmyer has not exhausted his speedy trial claim in the state courts, and has not made successful challenges asserting his other claims in either state or federal court, his claims are premature.[27]

Accordingly, **IT IS HEREBY ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to state federal civil rights claims for relief.[28]

2. All outstanding motions are **DENIED** as moot.

3. The Clerk of Court shall enter a final judgment accordingly.

Dated at Anchorage, Alaska this 10th day of March, 2021.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

criminal trial are found. A violation of the right to a speedy trial is not alone an extraordinary circumstance warranting federal intervention.).

[27] *See* westlaw.com; https://records.courts.alaska.gov/eaccess/search; https://appellate-records.courts.alaska.gov/CMSPublic/Search; *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (Before bringing a civil rights claim challenging the fact or duration of his incarceration, a prisoner must establish that the underlying sentence or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

[28] This dismissal is not a strike under 28 U.S.C. § 1915(g), which prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." *See Washington,* 833 F.3d at 1058 ("We hold that a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA.").